1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9

10

11

12

13

MELANIE ANN TERRIAN,

      Plaintiff,

  v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

      Defendant.

NO.  C2:13-CV-2082-RSL-JLW


REPORT AND
RECOMMENDATION

14

## BASIC DATA

15

Type of benefits sought:

16

  (X ) Disability Insurance

Plaintiff's:

17

  Sex: Female

18

  Age**:** 41 at application, 42 at ALJ hearing

19

20

Principal Disabilities Alleged by Plaintiff:  left shoulder injury post-surgical repair, left arm ulnar neuropathy status post-surgery, lumbar degenerative disc disease, cervical strain, thoracic sprain

21

Disability Allegedly Began: Original date January 8, 2009, Amended to September 9, 2009

22

Principal Previous Work Experience: Receptionist, order clerk, bookkeeper

Plaintiff Last Worked**:** September 9, 2009

23

Education Level Achieved by Plaintiff: High School Graduate

24

## PROCEDURAL HISTORY – ADMINISTRATIVE

REPORT AND RECOMMENDATION - 1

Before ALJ:

> Date of Hearing: June 5, 2012

> Date of Decision: July 13, 2012

> Appears in Record at:  Decision AR 10-21, Hearing Transcript AR 28-67

> Summary of Decision:

> Claimant has not worked since September 9, 2009. She has severe impairments of cervical strain, thoracic sprain, left shoulder injury, left ulnar neuropathy, and lumbar degenerative disease. None of these impairments, individually or in combination, meet or medically equal a Listing. Claimant has the Residual Functional Capacity (RFC) to perform sedentary work with the option to stand briefly every 30 minutes. She can occasionally kneel, crawl, crouch and stoop but can never climb. She can perform occasional overhead reaching and frequent handling with her left upper extremity (non-dominant arm). She experiences no similar symptoms in the right upper extremity, her dominant hand.  AR 14.  According to a Vocational Expert (VE), Claimant can perform her past relevant work as an order clerk, bookkeeper and receptionist. In addition, the VE determined that Plaintiff can work as a document preparer, surveillance system monitor, and clerical sorter. Because these positions exist in significant numbers in the local and national economy, Claimant is not disabled.

Before Appeals Council:

> Date of Decision: September 18, 2013

> Appears in Record at: AR 1-5

> Summary of Decision: declined review

## PROCEDURAL HISTORY – THIS COURT

Jurisdiction based upon: 42 U.S.C. § 405(g)

Brief on Merits Submitted by (X) Plaintiff  (X) Commissioner

## RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

> (X)  Affirm

REPORT AND RECOMMENDATION - 2

1

2

SUMMARY OF RECOMMENDATION

3
The ALJ properly discredited Plaintiff's subjective testimony based on the objective

4
medical evidence and her failure to comply with her prescribed physical therapy. The ALJ also

5
properly credited the medical opinions of both Drs. Poisson and Robon. There is no legal error.

6
The Commissioner's decision should be affirmed.

7

8
STANDARD OF REVIEW

9
Pursuant to 42 U.S.C. § 405(g), this Court must set aside the Commissioner's denial of

10
Social Security benefits when the ALJ's findings are based on legal error or not supported by

11
substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th

12
Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is

13
such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

14
*Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750

15
(9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in

16
medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*,

17
53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a

18
whole, it may neither reweigh the evidence nor substitute its judgment for that of the

19
Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is

20
susceptible to more than one rational interpretation, it is the Commissioner's conclusion that

must be upheld. *Id.*

21

22
EVALUATING DISABILITY

23
The claimant bears the burden of proving that she is disabled within the meaning of the

24
Social Security Act (the "Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal

citations omitted).  The Act defines disability as the "inability to engage in any substantial

gainful activity" due to a physical or mental impairment which has lasted, or is expected to

last, for a continuous period of not less than twelve months.  42 U.S.C. §§ 423(d)(1)(A),

1382c(a)(3)(A).  A claimant is disabled under the Act only if her impairments are of such

severity that she is unable to do her previous work, and cannot, considering her age, education,

and work experience, engage in any other substantial gainful activity existing in the national

economy.  42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th

Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for

determining whether a claimant is disabled within the meaning of the Act.  *See* 20 C.F.R. §§

404.1520, 416.920.  The claimant bears the burden of proof during steps one through four.  At

step five, the burden shifts to the Commissioner.  *See also Valentine v. Comm'r of Soc. Sec.

Admin.*, 574 F.3d 685, 689 (9th Cir. 2009).


<u>ISSUES ON APPEAL</u>

1.  Did the ALJ err in assessing Plaintiff's credibility?

2.  Did the ALJ err in rejecting the medical opinion of Sujata Poisson, M.D.?

3.  Did the ALJ err in crediting and basing the RFC on the medical opinion of Dr.
    Robon?

<u>DISCUSSION</u>

A.  <u>Plaintiff's Credibility</u>

The ALJ is responsible for determining credibility. *Andrews*, 53 F.3d at 1039.  In order

to reject the claimant's complaints, the ALJ must provide "specific, cogent reasons for the

disbelief." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). Without evidence of

1    malingering, the reasons for rejecting the claimant's testimony must be clear and convincing.

2    *Id.* "General findings are insufficient; rather, the ALJ must identify what testimony is not

3    credible and what evidence undermines the claimant's complaints." *Id.*

4        The ALJ found that Plaintiff's testimony lacked credibility concerning the severity of

5    her physical impairments and pain. AR 14. The record contains significant medical evidence to

6    contradict the severity of impairments alleged by Plaintiff, particularly in regards to her back

7    pain. In May 2009, an MRI of her C-spine showed only small right lateral disc protrusion. AR

8    287, 15. In January 2010, Plaintiff complained of numbness and radiating back pain, but an

9    EMG showed no lumbar radiculopathy or focal neuropathy. AR 416, 16. A chiropractor treated

10   Plaintiff and found only moderate palpatory tenderness in her lumbar and lumbosacral spine.

11   AR 374, 17. She showed evidence of only mild degenerative joint disease. AR 374, 423, 17.

12   Her strength and gait are normal. AR 406. She consistently had negative straight raise tests.

13   AR 481-504, 17-18. As to her elbow and shoulder, EMGs showed mild to moderate left ulnar

14   nerve compromise. AR 409, 470. She had full passive range of motion of her shoulder after

15   surgery. AR 271.

16       The objective evidence shows mild to moderate issues with back, shoulder and elbow.

17   In addition to this medical evidence, the ALJ notes that Plaintiff did not perform her prescribed

18   physical therapy and post-surgical exercises as recommended by her doctors. AR 15, 16. She

19   only had an initial consultation with physical therapy after the motor vehicle accident. AR 243.

20   She failed to return and met none of her physical therapy goals. After her shoulder surgery, her

21   surgeon found that she had not done the recommended therapy. AR 274.

22       An ALJ can consider "unexplained or inadequately explained failure to seek treatment

23   or to follow a prescribed course of treatment" as a factor in assessing credibility. *Smolen v.*

24   *Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). Here, the failure to comply with physical therapy

REPORT AND RECOMMENDATION - 5

bolsters the ALJ's finding that the objective medical evidence does not support the alleged severity of Plaintiff's impairments. The objective medical evidence and inadequately explained failure to follow the proscribed physical therapy provide specific and cogent reasons for disbelieving Plaintiff's statements concerning the severity of her impairments.

The ALJ's other reasons for rejecting Plaintiff's pain complaints are less persuasive. Those reasons include Plaintiff's activities of daily living and potential secondary gain.  As discussed above, however, the evidence provides sufficient support for the ALJ's finding as to the credibility of Plaintiff's pain complaints.  It is therefore not necessary to address Plaintiff's other challenges to that finding.

B.  Medical Evidence

The ALJ evaluates medical evidence as part of the record when determining disability. 20 C.F.R § 416.927(b). If contradicted by another doctor, the opinions of treating and examining physicians may only be rejected for specific and legitimate reasons based on substantial evidence in the record. *Lester*, 81 F.3d at 830-31. Plaintiff contends that the ALJ improperly considered the opinions of two treating physician, Drs. Poisson and Robon.

1.  *Sujata Poisson, M.D.*

Dr. Poisson is a treating physician who performed many of Plaintiff's neurological tests. AR 394-421. Based on EMGs in March and April 2011, Dr. Poisson opined that Plaintiff's cubital tunnel surgery in August 2010 had led to no improvement or reduction in left ulnar neuropathy. AR 394-5. The ALJ mentions Dr. Poisson's findings in the decision. "A nerve conduction study and EMG interpreted by Sujata Poisson, M.D. revealed only mild to moderate left ulnar nerve compromise, but evidence of lumbar radiculopathy. Dr. Poisson concluded that the claimant had seen no significant improvement in her ulnar neuropathy since

her surgery." AR 16-7. The Plaintiff contends that the ALJ erred by failing to disclose the weight given to this evidence.

The ALJ does not need to discuss all evidence presented, but must explain why significant probative evidence has been rejected. *Vincent o/b/o Vincent v. Heckler*, 739 F.2d 1393, 1394-5 (9th Cir. 1984). In this case, the ALJ does not reject Dr. Poisson's findings. The ALJ acknowledges the opinion that Plaintiff has mild to moderate issues with the ulnar nerve that remain unchanged after surgery. AR 16-7. Dr. Poisson's opinion as to the EMG results is probative to establish that Plaintiff still suffers from left ulnar neuropathy, which the ALJ included as a severe impairment. AR 12. The medical evidence was mentioned, considered and incorporated. The ALJ did not reject or inadequately address Dr. Poisson's opinion.

*Matthew Robon, M.D.*

In November 2010, after both surgeries, Dr. Robon opined that Plaintiff should return to work. "She is not really progressing as a normal patient would in these different regards. I would like to have her return back to work to take her mind off of this. I do not think there is a reason with shoulder and elbow pain that she cannot do a typing type job and a desk type job." AR 256. The ALJ gives significant weight to this opinion. AR 18. Plaintiff contends that the ALJ improperly relied on Dr. Robon's opinion to establish her RFC.

The ALJ accords significant weight to Dr. Robon's opinion because "he was one of claimant's treating providers and performed both surgeries on the claimant's shoulder and ulnar nerve. Because of this, he is best suited to opinion on how claimant's impairments would affect her ability to work. His opinion is also largely consistent with other objective medical evidence in the claimant's file." AR 18. Plaintiff argues that Dr. Poisson is also a treating physician, and the ALJ's reasoning could have equally applied to her contradictory opinion.

Dr. Poisson's opinion is not necessarily contrary to that of Dr. Robon. Dr. Poisson's medical testing showed no improvement in the left ulnar neuropathy, but gave no opinion as to Plaintiff's ability to work. AR 397, 422. Dr. Robon acknowledged that Plaintiff was not recovering as well as expected. AR 256. This is not inconsistent with the medical testing and results provided by Dr. Poisson. Despite the lack of improvement, Dr. Robon believed Plaintiff could and should return to work. AR 256. As Dr. Poisson did not provide an opinion as to Plaintiff's ability to work, there is no contradiction or inconsistency between the two medical opinions.

In formulating the RFC, the ALJ considered the opinions of several medical sources including Dr. Poisson and Dr. Robon. The RFC included the relevant limitations established by the evidence from these medical professionals. The ALJ did not err.

## CONCLUSION

For the foregoing reasons, the Court recommends that this case be AFFIRMED and the case DISMISSED.  A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, must be filed with the Clerk and served upon all parties to this suit no later than fourteen (14) days after the date on which this Report and Recommendation is signed.  If no timely objections are filed, the Clerk shall note this matter for the earliest Friday after the deadline for objections, as ready for the Court's consideration. Failure to file objections within the specified time may affect a party's right to appeal.

If objections are filed, any response is due within fourteen (14) days after being served with the objections.  A party filing an objection must note the matter for the court's

REPORT AND RECOMMENDATION - 8

consideration fourteen (14) days from the date the objection is filed and served.  Objections and responses shall not exceed twelve pages.

DATED this 28th day of August, 2014.


_____

JOHN L. WEINBERG
United States Magistrate Judge

REPORT AND RECOMMENDATION - 9